UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
12TH STREET REALTY PARTNERS, LLC,

       Plaintiff/Counter-Defendant,

  -against-                            **MEMORANDUM AND ORDER**
                                                Case No. 12-CV-425 (FB) (VVP)

BUILDERS BANK, an Illinois Banking
Corporation,

       Defendant/Counter-Plaintiff.
---------------------------------------------------------x
BUILDERS BANK, an Illinois Banking
Corporation,

       Third-Party Plaintiff,

  -against-

ALEC SHTROMANDEL and DEVIN
HERZBERG,

       Third-Party Defendants..
---------------------------------------------------------x

*For 12th Street Realty Partners, LLC:*       *For Builders Bank:*
REX WHITEHORN, ESQ.                    RICHARD D. GROSSMAN, ESQ.
Rex Whitehorn & Associates, P.C.         225 West Wacker Drive, Suite 2000
98 Cutter Mill Road, Suite 234             Chicago, Illinois 60606
Great Neck, New York 11021

**BLOCK, Senior District Judge:**

       12th Street Realty Partners, LLC ("12th Street") sues Builders Bank ("Builders") for breach of contract, breach of fiduciary duty, fraud and unfair business practices in connection with construction loans for the renovation of property in Park Slope, Brooklyn. Builders counterclaims for foreclosure and an injunction requiring 12th

Street to surrender possession. With respect to that latter claim, Builders moved for a preliminary injunction. After several failed attempts at settlement, the Court referred the motion to Magistrate Judge Pohorelsky.

Magistrate Judge Pohorelsky treated Builders's motion as one for partial summary judgment and subsequently issued a report and recommendation ("R&R") recommending that the Court grant the motion. 12th Street timely objected. The Court reviews those objections *de novo*. *See* 28 U.S.C. § 636(b)(1); *United States v. Tortora*, 30 F.3d 334 (2d Cir. 1994).

First, 12th Street argues that Magistrate Judge Pohorelsky's decision to treat Builders's motion for a preliminary injunction as a motion for partial summary judgment was improper. Magistrate Judge Pohorelsky reasoned that the relief Builders's motion sought—immediate possession of the property—was identical to the injunctive relief it sought in its counterclaim.[1] The Court fully agrees that the appropriate course of action was to dispositively decide whether Builders is entitled to that relief.

12th Street objects that it did not have an opportunity to show that there are genuine issues of material fact precluding summary judgment. A party is, of course, entitled to an opportunity to oppose a motion for summary judgment. *See NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178 (2d Cir. 2008) ("[A] district court may, on an appropriate record, grant summary judgment *sua sponte*—after giving the party against which the court is contemplating such a decision notice and an opportunity to present

---

[1] Builders's motion did not seek an adjudication of ownership or otherwise address its counterclaim for foreclosure.

2

evidence and arguments in opposition[.]"). But the record reflects that 12th Street was given such an opportunity:

> [MAGISTRATE JUDGE POHORELSKY:] At the [prior] conference I informed the parties that it was my view that this was really a motion for partial summary judgment and that the standard that was going to be applicable in my mind was whether there was a material fact in dispute that prevented the Court from rendering a partial summary judgment on the Builders Bank claim that they were entitled to injunctive relief based on breaches of various obligations that had been undertaken by 12th Street Realty.
>
> Because the Court was viewing the matter that way and because the parties were entitled to know and to respond further if they wished with respect to that view of the matter, [I] permitted further supplementation of the record which the parties have now done.

Tr. of Dec. 13, 2012, at 2-3.

Even if Magistrate Judge Pohorelsky's summary of the proceedings were inaccurate, the R&R clearly put 12th Street on notice that he was recommending that partial summary judgment be granted. 12th Street has had an opportunity to object to that recommendation and, indeed, has objected that partial summary judgment should not be granted for substantive reasons. The Court now turns to that objection.

The following facts are undisputed. The mortgages securing the construction loans provided that "[a]t any time after an Event of Default has occurred, Borrower shall, upon demand of Lender, surrender to Lender possession of the Premises." Counterclaim, Ex. B, ¶ 20. On July 23, 2009, Builders declared the loans in default, claiming, *inter alia*, that 12th Street had materially failed to adhere to the construction schedule. *Id.*, Ex. I. Several

3

months later, the parties entered into a "Conditional Forbearance Agreement," in which 12th Street "confirm[ed], represent[ed], warrant[ed] and agree[d]" that the loans were in default. *Id.*, Ex. J, ¶ 4(2). Builders agreed to forebear from exercising its rights contingent upon 12th Street's compliance with an itemized schedule. The parties agreed that the forbearance agreement would terminate on December 5, 2010, or upon the failure of any aspect of the contingency, whichever came first. After that time, "Lender may proceed to enforce all of its rights and remedies against Borrower." *Id.*, Ex. J, ¶ 1. Builders declared the forbearance agreement terminated on June 14, 2010. Although the reason for the termination is not clear from the record, the date coincides with 12th Street's obligation to "deliver to Lender a copy of the temporary or conditional certificate of occupancy." *Id.*, Ex. J, ¶ 1.B(5). Builders thereafter demanded that 12th Street "surrender possession of the Property to Lender on or before 1 pm, Tuesday, August 3, 2010." *Id.*, Ex. K. When that date arrived, 12th Street did not surrender possession, but instead filed suit.

The foregoing facts—Builders's right to possession upon default, 12th Street's admitted default, and the termination of the forbearance agreement—are sufficient to entitle Builders to summary judgment. 12th Street argues that the second of those facts is in dispute because, it argues, Builders delayed funding draws on the loan. However, 12th Street's admission that it was in default trumps any dispute in that regard.

Similarly, 12th Street argues that there is a dispute regarding Builder's reason for terminating the forbearance agreement. More specifically, it argues that Builders caused the New York City Department of Buildings to audit the construction site,

4

"resulting in full and/or partial stop work orders."  Aff. of Alec Shtromandel, ¶ 33.  It is true that "a party cannot insist upon a condition precedent, when its non-performance has been caused by himself."  *A.H.A. Gen. Constr., Inc. v. New York City Housing Auth.*, 92 N.Y.2d 20, 31 (1998) (quoting *Young v. Hunter*, 6 N.Y. 203, 207 (1852)).  But a dispute about the validity of Builders's reason for terminating the forbearance agreement is immaterial in this case because, regardless of the reason for early termination, its agreement to forbear terminated in any event on December 5, 2010.

In sum, the Court agrees with Magistrate Judge Pohorelsky that Builders is entitled to summary judgment on its counterclaim for an injunction requiring 12th Street to surrender possession of the property.  Builders has not proposed specific language for the injunction it seeks, however, and Magistrate Judge Pohorelsky recommended only that the Court enter "a properly tailored injunction."  R&R at 2.  Accordingly, Builders shall, by May 31, 2013, submit a proposed injunction.  By June 7, 2013, 12th Street shall file either specific objections to the proposal or a statement that it has no objections.

**SO ORDERED**.

/s/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

May 23, 2013  
Brooklyn, New York

5